**Thelma PEDIGO, Appellant,**

v.

**Leonard PEDIGO, Appellee.**

Court of Appeals of Kentucky.

May 29, 1959.

Cecil C. Wilson, Glasgow, for appellant.

Terry L. Hatchett, Richard L. Garnett, Glasgow, for appellee.

CULLEN, Commissioner.

Thelma Pedigo sought a divorce from her husband, Leonard, on the ground of cruel and inhuman treatment. He counterclaimed for a divorce on the same ground. The court concluded that neither party had established grounds for divorce, and entered judgment dismissing the action. Thelma has appealed.

Without detailing the evidence, we will say that it is convincing that after some 20 years of married life the parties (who are childless) developed a strained relationship and thereafter for several years conducted themselves toward each other in a way calculated to destroy any hope of marital happiness on the part of either one. See Coleman v. Coleman, Ky., 269 S.W.2d 730. Particularly, the conduct of the husband towards the wife was such as to indicate that he had no respect for her, no consideration for her wishes, and no regard for her feelings. See Grow v. Grow, 134 Ky. 816, 121 S.W. 654. He treated her with cold indifference, and there was no social relationship between them. It also appears that she was

required to look to her own earnings for food and clothing.

 It is true that the wife was to some extent also at fault, but since the 1956 amendment to KRS 403.020 it is not required that the wife be not in like fault in order to obtain a divorce for cruel and inhuman treatment indicating a settled aversion of the husband to her or such as to destroy permanently her peace or happiness. It is our opinion that the evidence was such as to establish grounds for granting a divorce to the wife under the provisions of KRS 403.020(3) (b), and that the circuit court erred in not granting her a divorce.

Upon remand of the case the circuit court will enter judgment granting the wife a divorce, and making a suitable allowance of alimony, taking into consideration that she is not wholly without fault, but on the other hand she contributed substantially, through her labors, to the accumulation of the husband's estate. The wife will also be entitled to a reasonable allowance for her attorney's fees.

The judgment is reversed, with directions to enter judgment in accordance with this opinion.