Isaac LEWIS, Appellant,

v.

Drusie Waggoner LEWIS, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1962.

Claude Asbury, Catlettsburg, for appellant.

A. W. Mann, Ashland, for appellee.

MONTGOMERY, Judge.

Isaac Lewis appeals from a judgment denying him a divorce from Drusie Waggoner Lewis. She was awarded alimony in the sum of $80 per month and the use and occupany of their home. Isaac insists that he should have been granted a divorce on the ground of cruel and inhuman treatment. Drusie did not seek a divorce by her counterclaim.

Isaac and Drusie are now seventy and fifty-three years of age, respectively. They have been married thirty-eight years. He receives $248 monthly compensation for total disability arising from his World War I service. Their divorced daughter and her child live in the Lewis home. Isaac was discharged from the Veterans Hospital in August 1959. He has been staying with his brother since then.

Isaac and his witnesses testified that for more than six months' duration Drusie would not cook for him, was quarrelsome, accused him of lying, called him "crazy"

and a "son-of-a-bitch," and had tried to prosecute him or have him placed in a veterans' institution. Much of this was denied by Drusie, who said that Isaac had threatened her with a knife. Their daughter corroborated the mother's testimony in part, but stated that her mother and father had been having arguments for more than a year.

Apparently, part of the discord has arisen from Isaac's fear that Drusie may have been engaging in extra-marital relations with other men. His attempt to prove adultery and lewd and lascivious behavior failed because of noncompliance with KRS 403.030. Because of such failure, the trial court correctly denied his offer to file an amended complaint setting up such grounds of divorce.

The removal of Drusie's sexual organs several years ago and the encroachment of time on Isaac's powers, as he said Drusie was free to suggest, may have been contributing factors to the unhappy state which undeniably existed between them. Certainly Drusie's habitual behavior was of such cruel and inhuman manner as to destroy permanently Isaac's peace and happiness. Nall v. Nall, 287 Ky. 355, 153 S.W.2d 909; Trout v. Trout, 296 Ky. 843, 177 S.W.2d 864. Isaac and Drusie will never be able to live together with any degree of satisfaction or contentment. Coleman v. Coleman, Ky., 269 S.W.2d 730.

While Isaac may have been partly in fault, since 1956 this has not barred a husband from obtaining a divorce on the ground sought. The evidence here was such as to establish the ground for granting divorce to the husband under KRS 403.020(4) (d). Pedigo v. Pedigo, Ky., 324 S.W.2d 820. The Chancellor erred in not granting Isaac a divorce.

Judgment reversed with directions to enter a judgment of divorce for Isaac Lewis and to adjudicate the rights of Drusie Waggoner Lewis as to alimony, property rights, and attorney's fee.